UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAZIEN MCCULLOUGH,

   Petitioner,

   v.                                         CAUSE NO. 3:24-CV-639-PPS-JEM

WARDEN,

   Respondent.

OPINION AND ORDER

Razien McCullough, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP-22-11-39) at the Indiana State Prison in which a disciplinary hearing officer ("DHO") found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

In the petition, McCullough asserts that he is illiterate and represents that the screening officer explained the conduct report to him but did not explain his procedural rights to him. He represents that a lay advocate was appointed for him but that the lay advocate did not assist him with preparing a defense. He asserts that, with proper assistance, he would have requested statements from other inmates in which they would have represented that he was not involved in the physical altercation that was the subject of the conduct report. He also would have requested review of the video surveillance recording of the physical altercation. The Warden contends that

McCullough is not illiterate, citing his high school education, and further contends that the habeas claims amount to, at most, harmless error.

"[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (cleaned up, citation omitted). "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

To start, correctional staff reviewed the surveillance video recording at McCullough's request and provided a detailed summary. [ECF 7-3; ECF 7-6.] McCullough's precise level of literacy is unclear from the record, and the law is not well developed on the constitutional duties of a lay advocate in the context of prison disciplinary proceeding. But, even assuming that McCullough is completely illiterate and was improperly denied a lay advocate and the witnesses, it would amount only to harmless error. *See Jones v. Cross*, 637 F.3d 841, 846–47 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (same). This is because McCullough was identified as an individual who

assaulted the victim by two different correctional officials after they reviewed the surveillance video recording of the assault. [ECF 7-1, ECF 7-6, ECF 11.] I have reviewed the surveillance video recording and find it consistent with the conduct report and the video recording summary and further find that the recording is sufficiently clear as to allow for the identification of the attacker as a particular inmate. As a result, it is unclear how additional assistance from a lay advocate or witness statements could have altered the outcome of the disciplinary proceeding. Consequently, I cannot find that the denial of a lay advocate or witness statements is valid basis for habeas relief.

McCullough also argues that he did not receive adequate notice of the hearing. Notice of the hearing date within a particular amount of time before the hearing is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). McCullough may be attempting to invoke his right to receiving notice of the disciplinary charge at least 24 hours prior to the hearing. *See Wolff*, 418 U.S. at 564. However, the administrative record indicates that McCullough was notified of the charge on November 15, 2022, and that the hearing occurred 14 days later on November 29, 2022. [ECF 7-3; ECF 7-5.] As a result, inadequate notice of the hearing date or charge is not a valid basis for habeas relief.

Because McCullough has not asserted a valid claim for habeas relief, the habeas petition is denied. If McCullough wants to appeal this decision, he does not need a

certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition [ECF 1];

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Razien McCullough leave to proceed in forma pauperis on appeal.

SO ORDERED on April 17, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT